## COUNTY OF PROVIDENCE, MARCH TERM, 1857, AT PROVIDENCE.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, } Justices.
Hon. ALFRED BOSWORTH, }

### SYLVESTER HARTSHORN v. MOSES B. IVES.

In a suit upon his receipt against the receiptor of a steamboat by the attaching officer,— the receipt promising to return the steamboat, "*as attached*," and being given and received with the understanding that the steamboat was to be redelivered by the receiptor to the steamboat company who owned her, for use in their line,—no recovery can be had against the receiptor, notwithstanding it appears, that during the six years' litigation of the suit in which she was attached, alterations were made by the company on the boat and her boilers, and repairs put upon her so as greatly to change her, *provided*, the jury find, that the steamboat has, by the alterations of, and repairs put upon her, been kept in a condition which made her as available for the purposes of the attachment as she was in when receipted for; she having been delivered by the receiptor to the officer, charged with the execution in the suit in which she was attached, upon demand, and sold upon the execution, though not for enough to satisfy it.

The expression of an opinion by a judge as to the weight of the plaintiff's evidence, upon a motion for a nonsuit by the defendant, though in the hearing of the jury, is no ground

Hartshorn *v.* Ives.

for new trial, inasmuch as it pertains to the question before the court; and especially it is not, if the plaintiff acts upon it and puts in further proof. Indeed, an expression of an opinion by the judge to the jury as to any matter of fact in the cause, is no ground of exception, unless the party against whom it operates yields to it, and does not argue against it, and then, only in the discretion of the court, if incorrect and injurious to such party.

ASSUMPSIT against the defendant as receiptor to the plaintiff, when marshal of the Rhode Island district, for the steamboat Massachusetts, her tackle, apparel, and furniture, attached by the latter upon a process of summons and attachment, issued by the district court of the United States for said district, upon a libel in admiralty, filed by the Merchants' Bank of Boston against the New Jersey Steam Navigation Company, a corporation,—which process had been placed in the hands of the plaintiff, as marshal, for service.

The receipt was in the following words:—

" UNITED STATES OF AMERICA,

*Rhode Island District, Providence, February 12th,* 1842.

Received of Sylvester Hartshorn, United States Marshal, the steamboat Massachusetts, her tackle, apparel, furniture, and appurtenances, as attached by him on a warrant of attachment, issued by John T. Pitman, clerk of the United States district court, dated and served February 10, 1842, wherein the president, directors, and company of the Merchants' Bank of Boston are complainants, and the New Jersey Steam Navigation Company are respondents; which said steamboat Massachusetts and appurtenances, as attached, I promise to return and deliver to him, the said Sylvester Hartshorn, whenever demanded, or in default thereof to pay to him, the said Hartshorn, or his assigns, all damages and costs that may accrue in consequence of such neglect.

(Signed) MOSES B. IVES."

The declaration contained three counts; the first and third of which averred, in substance, the delivery of the steamboat Massachusetts, with her tackle, &c. to the defendant,—his promise to return the same upon demand,—a demand of the steamboat, &c. by the plaintiff,—and a refusal to deliver her by the defendant. The second count alleged the promise of the defendant to

be, to deliver the steamboat, &c. "in a condition equally valuable as the same were when attached," a demand by the plaintiff upon the defendant to deliver her to him in that condition, and a refusal and neglect by the defendant so to do.

Plea, the general issue and joinder.

At the trial of the case at the September term of this court, 1856, before Mr. Justice Brayton with a jury, it appeared, partly by a written admission and partly by proof, that the steamer Massachusetts, then the property of the New Jersey Steam Navigation Company, was, on the 10th day of February, 1842, attached in admiralty in the suit above mentioned, as security for damages claimed by the Merchants' Bank against said company, for property lost by the bank whilst being carried by the steamboat Lexington from New York to Stonington, also belonging to the company, and which was destroyed by fire, off Huntington light, on the night of the 13th of January, 1840. The Massachusetts, being at the time of her attachment, one of the Navigation Company's Sound line of steamers plying between New York and the terminus of the Stonington railroad, at Stonington, was receipted for by the defendant, a member of the company, which was incorporated, for the purpose, and with the understanding on all sides, that thereby she might resume her place in the line to which she belonged; and accordingly she was delivered by him to the company, and continued to ply in the line as before. The suit in which she was attached was pending in the district and circuit court of the United States for the Rhode Island district, and in the supreme court of the United States, to which it was appealed, for upwards of six years before it was brought to a conclusion by a decree in favor of the bank. During all this period, the Massachusetts was used and treated by the Navigation Company in the same manner as their other boats, and in the course of it was altered, repaired, lengthened, and supplied with new boilers, by the company, for the purpose of making her useful in their line, at a cost of $70,000. Upon the issuing of an execution against the Navigation Company in the suit on which she was attached, the marshal of the district of Rhode Island, successor to the plaintiff, to whom the execution was

40*

Hartshorn *v.* Ives.

delivered, demanded her of the defendant under his receipt, who offered to deliver her up upon the cancellation of the same; but this being refused, the defendant had her brought back within the district, delivered up to the marshal without such cancellation, who thereupon levied the execution in his hands upon and sold her at public auction, for the satisfaction of the same. Notwithstanding the expense which had been put upon her, she brought, when sold, but $25,000,—a sum inadequate to satisfy the execution, and less than by the proof, adduced by the plaintiff, she was estimated to be worth at the time of her attachment. To recover damages for her supposed depreciation by use, and by the alterations which she had undergone during the six years which had elapsed since her attachment, which alterations were claimed to have made her a different boat from that attached, this suit was brought by the plaintiff for the benefit of the Merchants' Bank of Boston, the claim being for the actual amount of depreciation, not exceeding the balance due upon the execution, issued in the above suit, in favor of the bank, against the New Jersey Steam Navigation Company.

Upon these facts being proved or admitted, a verdict was returned for the defendant, under the instructions of the judge trying the cause, whereupon the plaintiff now moved for a new trial. The grounds for this motion, as well as the rulings of the judge upon which it was in part founded, are so fully stated by the court in their opinion, that it is unnecessary to state them here.

*Bradley* for the motion.

*Payne* against it.

Bosworth, J.[1] The first exception to the charge of the court is :—

"Because the court instructed the jury, that under the receipt given by the defendant in said cause, he might make the changes in the size, character, and condition of the steamer and her appurtenances, which were in testimony in the depositions in this case, provided that, upon her return, she was in a condition as available for the purposes of the receipt."

---

[1] Ames, C. J., having been of counsel in this cause did not sit in it.

Hartshorn *v.* Ives.

By the evidence in the depositions referred to, it appears that the receiptor permitted the steamer to remain in the possession and use of the New Jersey Steam Navigation Company, until she was demanded by the officer, who is plaintiff in this case; and that while in their hands she was repaired; and for the purpose of making her more useful in business, she was fitted with a new boiler and was considerably enlarged. According to the testimony, it would seem that she was thus rendered more valuable and more available in the business for which she was designed and fitted; and the deterioration and decay, which such property would naturally suffer, in the lapse of time, was counteracted by replacing decayed and rotten timbers, with such as were new and sound. It may be readily conceived, that unless repairs had been made upon the steamer, while she was awaiting the result of the protracted litigation of the cause in which she was attached, she must inevitably have become less available to respond to the judgment which was recovered. Vessels do not retain their value, if left to "rot by the wharf," nor while in use, unless the natural effects of time and decay are counteracted by timely and fitting repairs. This property was in the hands of the owner, by permission of the receiptor and officer, subject to the lien created by the attachment. It might not result that she would be wanted for the purpose of a levy on an execution. This was to be determined by the result of the trial of the case; and it was for the interest of her owners and of the attaching creditors, to keep her in good condition, rather than to suffer her to decay. This was doubtless the view of all parties interested, when she was delivered to the receiptor, and was probably the reason which induced this sort of bailment while the suit was going on. When the suit was terminated, and the officer was to resort to the property, which was attached for the purpose of levying the execution, what more could he ask than that she should be returned in a condition as available for the purpose of responding to the judgment as when she was received? He received the same property which he had intrusted to the receiptor. This is settled by the agreed statement of facts; and it could not operate to his disadvantage, or to the injury of those for whom he was trustee, that her con-

Hartshorn *v.* Ives.

dition was altered, if it was made better, or no worse, for the purpose of the receipt.

The cases to which we have been cited by the counsel of the plaintiff, are all cases in which there has been a failure to return the property receipted for. The case cited from our own reports, (*Anthony* v. *Comstock*, 1 R. I. Rep. 454,) was a case in which the property attached was a quantity of anthracite coal, which was consumed; and the receiptor claimed the right to substitute the same quantity of a like kind of coal. The court decided, and the decision was in harmony with all the other decisions in such cases, that the receiptor having contracted to return the article attached, or pay a stipulated sum, could not shield himself from the alternative of his contract, by returning a different article, not embraced in his receipt, and in which the bailor had acquired no interest by virtue of his attachment. The case before us, we think, stands on a different footing. Here the article receipted for is returned, though in a changed condition. Upon the terms of the receipt, the defendant was to return the property as attached, or be answerable for such damages and cost as might accrue by reason of a default therein. What would be the measure of damages for a default of the agreement, consequent upon a return in an altered condition? Clearly the amount by which she was rendered less available for the purpose for which she was attached. If, therefore, she was returned in a condition as available as when received, there could be no damage.

We think, therefore, that the charge was right.

The second ground urged for a new trial is, the expression of an opinion upon the weight of the evidence as to an improper change of the condition of the steamer attached. This statement, it seems, was made to counsel at a time when a motion for nonsuit in the cause was made by the defendant. It seems, that the judge expressed the opinion that there was no evidence, or very slight evidence, of an improper change in the condition of the steamer; and the plaintiff thereupon put in further evidence. The nonsuit was not granted.

The expression of an opinion on a matter of fact by the judge, is not a ground of exception, unless the party against

Hartshorn *v.* Ives.

whom it operates, yields to it, and does not argue against it, and then, only in the discretion of the court, if incorrect and injurious to such party. *Curl* v. *Lowell,* 19 Pick. 25. In this case, the remark was made to the counsel, upon a motion for a nonsuit, and not to the jury, though in the hearing of the jury, and pertained to the question before the court; and the plaintiff thereupon put in further proof. We do not see in this allegation any ground for a new trial.

The third ground for a new trial is, that the judge instructed the jury that the agreed statement of facts precluded the plaintiff from arguing that the said steamer Massachusetts, spoken of in the receipt, was not retained.

Upon a reference to the statement of facts, we find that the parties agree that " the steamer was delivered to the plaintiff, and was received by him and sold on the execution." Upon this statement of facts, we do not see how any fault can rightfully be found with this instruction, for it was certainly admitted by this statement that she was returned; though the condition in which she was returned was left open for proof.

The fourth ground for a new trial alleged, is, " Because the court neglected to charge the jury that there was no evidence of any change in the value of steamboat property generally, making it of less value in 1848 than in 1842."

We do not think that the exigencies of the case required that any instruction should have been given to the jury on this point; and if any instruction had been given, we think the state of the proof would not have authorized such instructions as were asked for by the plaintiff and refused by the court.

Upon the last ground on which the motion for new trial is urged, viz : that the verdict was so utterly against the evidence in the cause, that the verdict should be set aside,—we have only to say, that upon an examination of the testimony, we are fully of opinion that the verdict was in accordance with the evidence, and we therefore cannot set it aside.

*Motion for new trial refused, with costs.*